Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
MARCO BEMEJO, WILMER EUCLIDES BUENOLUJA, BRAYAN IGNACIO MUNOZ, JOSE ALBERTO AGUALSACA, SEGUNDO TACURI, GEOVANNY PULAGUACHI, and SAUL DOTA CARCHI, individually and on behalf of all others similarly situated,

       Plaintiffs,

 -against-

SHAKER CONTRACTORS, CORP., and SHAHBAZ SHER and SHAHID SHER, as individuals,
       Defendants.
-------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **MARCO BENNEJO, WILMER EUCLIDES BUENOLUJA, BRAYAN IGNACIO MUNOZ, JOSE ALBERTO AGUALSACA, SEGUNDO TACURI, GEOVANNY PULAGUACHI, and SAUL DOTA CARCHI individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **MARCO BENNEJO, WILMER EUCLIDES BUENOLUJA, BRAYAN IGNACIO MUNOZ, JOSE ALBERTO AGUALSACA, SEGUNDO TACURI, GEOVANNY PULAGUACHI, and SAUL DOTA CARCHI**, through undersigned counsel, bring this action against **SHAKER CONTRACTORS, CORP., SHAHBAZ SHER and SHAHID SHER, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at Plaintiffs' employment at

1

SHAKER CONTRACTORS, CORP. located at 251 Throggs Neck Blvd, Bronx, NY 10465.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff MARCO BEMEJO residing at Bronx, NY 10472 was employed from in or around November 2015 until in or around January 2022 by Defendants at SHAKER CONTRACTORS, CORP.

9. Plaintiff WILER EUCLIDES BUENOLUJA residing at Queens, NY 11379 was employed from in or around August 2020 until in or around January 2022 by Defendants at SHAKER CONTRACTORS, CORP.

10. Plaintiff BRAYAN IGNACIO MUNOZ residing at Bronx, NY 10472 was employed from in or around December 2020 until in or around January 2022 by Defendants at SHAKER CONTRACTORS, CORP.

11. Plaintiff JOSE ALBERTO AGUALSACA residing at Bronx NY, 10472 was employed from in or around July 2020 until in or around January 2022 by Defendants at SHAKER CONTRACTORS, CORP.

12. Plaintiff SEGUNDO TACURI residing at Woodside, NY 11377 was employed from in or around July 2021 until in or around January 2022 by Defendants by Defendants at SHAKER CONTRACTORS, CORP.

13. Plaintiff GEOVANNY PULAGUACHI residing at Corona, NY 11368 was employed from in or around February 2021 until in or around January 2022 by Defendants at SHAKER CONTRACTORS, CORP.

14. Plaintiff SAUL DOTA CARCHI residing at Astoria, NY 11102 was employed from in or around August 2019 until in or around January 2022 by Defendants at SHAKER CONTRACTORS, CORP.

15. Upon information and belief, Defendant, SHAKER CONTRACTORS, CORP., is a corporation organized under the laws of New York with a principal executive office located at 251 Throggs Neck Blvd, Bronx, NY, 10465.

16. Upon information and belief, Defendant, SHAKER CONTRACTORS, CORP. is a corporation authorized to do business under the laws of New York.

17. Defendants SHAHBAZ SHER and SHAHID SHER are brothers who together own and operate SHAKER CONTRACTORS, CORP.

18. Defendants SHAHBAZ SHER and SHAHID SHER are agents of SHAKER CONTRACTORS, CORP.

19. Defendants SHAHBAZ SHER and SHAHID SHER have power over personnel decisions at SHAKER CONTRACTORS, CORP.

20. Defendants SHAHBAZ SHER and SHAHID SHER have power over payroll decisions at SHAKER CONTRACTORS, CORP.

21. Defendants SHAHBAZ SHER and SHAHID SHER have the power to hire and fire employees SHAKER CONTRACTORS, CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

22. Defendants SHAHBAZ SHER and SHAHID SHER were responsible for hiring Plaintiffs to work at SHAKER CONTRACTORS, CORP., and were responsible for setting Plaintiffs' rates of pay, paying Plaintiffs, setting Plaintiffs' schedules and determining at which locations Plaintiffs would perform work for SHAKER CONTRACTORS, CORP.

23. During all relevant times herein, Defendants SHAHBAZ SHER and SHAHID SHER were Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. On information and belief, SHAKER CONTRACTORS, CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

25. At the time of the filing of this complaint, the relevant statutory period pursuant to the NYLL and FLSA 6-year and 3-year statutes of limitations, commenced in February 2016 ("Relevant Statutory Period").

## FACTUAL ALLEGATIONS
## MARCO BEMEJO

26. Plaintiff MARCO BEMEJO was employed from in or around November 2015 until in or around January 2022 by Defendant SHAKER CONTRACTORS, CORP.

27. During the Relevant Statutory Period, Plaintiff MARCO BEMEJO's primary duties were as a mason while performing other miscellaneous duties.

28. During the relevant statutory period, Plaintiff alleges he regularly worked approximately six (6) to seven (7) days per week, with the exclusion of Sundays.

29. Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. and worked approximately until at or around 5:00 p.m. or later, each workday during the Relevant Statutory Period.

30. Thus, Plaintiff was regularly required to work sixty (60) to seventy (70) hours, or more hours, each week during the Relevant Statutory Period.

31. During the Relevant Statutory Period, Plaintiff MARCO BEMEJO was paid by Defendants a flat daily wage of approximately:

  i. $140.00 per day from in or around February 2016 until in or around December 2016;

  ii. $150.00 per day from in or around January 2017 until December 2017;

  iii. $180.00 per day from in or around January 2018 until in or around May 2021;

  iv. $200.00 per day from in or around June 2021 until in or around January 2022.

32. Although Plaintiff MARCO BEMEJO worked approximately sixty (60) to seventy (70) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Additionally, Defendants paid Plaintiff MARCO BEMEJO on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

34. Furthermore, Plaintiff was not compensated at all for his hours worked in the amount of approximately $1,400.00 at the end of his employment.

## WILMER EUCLIDES BUENOLUJA

35. Plaintiff WILMER EUCLIDES BUENOLUJA was employed from in or around August 2020 until in or around January 2022 by Defendant SHAKER CONTRACTORS, CORP.

36. During Plaintiff's employment by Defendants, Plaintiff WILMER EUCLIDES BUENOLUJA's primary duties were as a mason while performing other miscellaneous duties.

37. Plaintiff alleges he regularly worked approximately six (6) to seven (7) days per week during his employment at SHAKER CONTRACTORS, CORP.

38. Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. and worked approximately until in or around 5:00 p.m. or later, each workday from in or around August 2020 until in or around January 2022.

39. Thus, Plaintiff was regularly required to work approximately sixty (60) to seventy (70) hours, or more hours, each week during his employment by the Defendants.

40. Plaintiff WILMER EUCLIDES BUENOLUJA was paid by Defendants a flat daily wage of approximately $170.00 per day from in or around August 2020 until in or around January 2022.

41. Although Plaintiff WILMER EUCLIDES BUENOLUJA worked approximately sixty (60) to seventy (70) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

42. Additionally, Defendants paid Plaintiff WILMER EUCLIDES BUENOLUJA on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

43. Furthermore, Plaintiff was not compensated at all for his last two weeks of work.

### BRAYAN IGNACIO MUNOZ

44. Plaintiff BRAYAN IGNACIO MUNOZ was employed from in or around December 2020 until in or around January 2022 by Defendant SHAKER CONTRACTORS, CORP.

45. During Plaintiff's employment by Defendants, Plaintiff BRAYAN IGNACIO MUNOZ's primary duties were as a helper and assistant laborer while performing other miscellaneous duties.

46. Plaintiff alleges he regularly worked approximately five (5) to six (6) days per week during his employment at SHAKER CONTRACTORS, CORP.

47. Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. and worked approximately until in or around 4:00 p.m. or later, each workday from in or around December 2020 until in or around January 2022.

48. Thus, Plaintiff was regularly required to work approximately forty-five (45) to fifty-four (54) hours, or more hours, each week during his employment by the Defendants.

49. Plaintiff BRAYAN IGNACIO MUNOZ was paid by Defendants a flat daily wage of approximately $150.00 per day from in or around December 2020 until in or around January 2022.

50. Although Plaintiff BRAYAN IGNACIO MUNOZ worked approximately forty-five (45) to fifty-four (54) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

51. Additionally, Defendants paid Plaintiff BRAYAN IGNACIO MUNOZ on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

### **JOSE ALBERTO AGUALSACA**

52. Plaintiff JOSE ALBERTO AGUALSACA was employed from in or around July 2020 until in or around January 2022 by Defendant SHAKER CONTRACTORS, CORP.

53. During Plaintiff JOSE ALBERTO AGUALSACA'S employment by Defendants, Plaintiff's primary duties were as a mason while performing other miscellaneous duties.

54. Plaintiff alleges he regularly worked approximately five (5) to six (6) days per week.

55. Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. and worked approximately until at or around 4:00 p.m. or later, each workday from in or around July 2020 until in or around January 2022.

56. Thus, Plaintiff was regularly required to work approximately forty-five (45) to fifty-four (54) hours, or more hours, each week during his employment by the Defendants.

57. Plaintiff JOSE ALBERTO AGUALSACA was paid by Defendants a flat daily wage of approximately:
    i.   $170.00 per day from in or around July 2020 until in or around December 2020;
    ii.  $200.00 per day from in or around January 2021 until in or around January 2022.

7

58. Although Plaintiff JOSE ALBERTO AGUALSACA worked approximately forty-five (45) to fifty-four (54) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

59. Additionally, Defendants paid Plaintiff JOSE ALBERTO AGUALSACA on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

## **SEGUNDO TACURI**

60. Plaintiff SEGUNDO TACURI was employed from in or around July 2021 until in or around January 2022 by Defendant SHAKER CONTRACTORS, CORP.

61. During Plaintiff SEGUNDO TACURI'S employment by Defendants, Plaintiff's primary duties were as a general laborer and helper while performing other miscellaneous duties from in or around July 2021 until in or around January 2022.

62. Plaintiff alleges he regularly worked five (5) to six (6) days per week during his employment at SHAKER CONTRACTORS, CORP.

63. Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. and worked approximately until at or around 5:00 p.m. or later, each workday from in or around July 2021 until in or around January 2022.

64. Thus, Plaintiff was regularly required to work approximately fifty (50) to sixty (60) hours, or more hours, each week during his employment by the Defendants.

65. Plaintiff SEGUNDO TACURI was paid by Defendants a flat hourly rate of approximately $20.00 per hour from in or around July 2021 until in or around January 2022.

66. Although Plaintiff SEGUNDO TACURI worked approximately fifty (50) to sixty (60) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

67. Additionally, Defendants paid Plaintiff SEGUNDO TACURI on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the

frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

## GEOVANNY PULAGUACHI

68. Plaintiff GEOVANNY PULAGUACHI was employed from in or around February 2021 until in or around January 2022 by Defendant SHAKER CONTRACTORS, CORP.

69. During Plaintiff GEOVANNY PULAGUACHI'S employment by Defendants, Plaintiff's primary duties were as a general laborer and helper while performing other miscellaneous duties from in or around February 2021 until in or around January 2022.

70. Plaintiff alleges he regularly worked approximately five (5) to six (6) days per week.

71. Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. and worked approximately until at or around 4:00 p.m. or later, each workday from in or around February 2021 until in or around January 2022.

72. Thus, Plaintiff was regularly required to work approximately forty-five (45) to fifty-four (54) hours, or more hours, each week during his employment by the Defendants.

73. Plaintiff GEOVANNY PULAGUACHI was paid by Defendants a flat daily wage of approximately $160.00 per day from in or around February 2021 until in or around January 2022.

74. Although Plaintiff GEOVANNY PULAGUACHI worked approximately forty-five (45) to fifty-four (54) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

75. Additionally, Defendants paid Plaintiff GEOVANNY PULAGUACHI on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

76. Furthermore, Plaintiff was not compensated at all for his last two weeks of employment.

## SAUL DOTA CARCHI

77. Plaintiff SAUL DOTA CARCHI was employed from in or around August 2019 until in or around January 2022 by Defendant SHAKER CONTRACTORS, CORP.

78. During Plaintiff SAUL DOTA CARCHI'S employment by Defendants, Plaintiff's primary duties were as an assistant and laborer while performing other miscellaneous duties.

79. Plaintiff alleges he regularly worked approximately five (5) to six (6) days per week.

80. Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. and worked approximately until at or around 4:00 p.m. or later, each workday from in or around August 2019 until in or around January 2022.

81. Thus, Plaintiff was regularly required to work approximately forty-five (45) to fifty-four (54) hours, or more hours, each week during his employment by the Defendants.

82. Plaintiff SAUL DOTA CARCHI was paid by Defendants a flat daily wage of approximately $130.00 per day for all hours worked from in or around August 2019 until in or around January 2022.

83. Although Plaintiff SAUL DOTA CARCHI worked approximately forty-five (45) to fifty-four (54) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

84. Additionally, Defendants paid Plaintiff SAUL DOTA CARCHI on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

85. Furthermore, Plaintiff was not compensated at all for his last two weeks of employment.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

86. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

10

87. Upon information and Defendants, failed to provide Plaintiffs with wage statements compliant with NYLL each time they compensated Plaintiffs.
88. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
89. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

90. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.
91. Collective Class: All persons who are or have been employed by the Defendants as masons, helpers, general laborers, assistant laborers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.
92. Upon information and belief, Defendants employed between 30 and 40 employees within the past three years subjected to similar payment structures.
93. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
94. Defendants' unlawful conduct has been widespread, repeated, and consistent.
95. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
96. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

97. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

98. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

99. The claims of Plaintiffs are typical of the claims of the putative class.

100. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

101. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

102. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

103. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

104. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

105. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

106. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

107. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

108. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

109. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

110. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

111. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

112. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

113. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

114. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

115. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

116. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

117. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

118. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

119. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

120. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

121. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

122. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

123. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

124. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

### SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

125. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

126. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

127. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

128. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

129. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

130. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs unpaid wages;
d. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

<b><u>DEMAND FOR TRIAL BY JURY</u></b>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 22nd day of February 2022.

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCO BEMEJO, WILMER EUCLIDES BUENOLUJA, BRAYAN IGNACIO MUNOZ, JOSE ALBERTO AGUALSACA, SEGUNDO TACURI, GEOVANNY PULAGUACHI, and SAUL DOTA CARCHI, individually and on behalf of all others similarly situated,

        Plaintiffs,

  -against-

SHAKER CONTRACTORS, CORP., SHAHBAZ SHER and SHAHID SHER as individuals,
        Defendants.
      .

---

SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

**SHAKER CONTRACTORS, CORP.**
251 Throggs Neck Blvd
Bronx, NY, 10465

245 Throggs Neck Blvd
Bronx, NY 10465-3434

**SHAHBAZ SHER**
251 Throggs Neck Blvd
Bronx, NY, 10465

245 Throggs Neck Blvd
Bronx, NY 10465-3434

**SHAHID SHER**
251 Throggs Neck Blvd
Bronx, NY, 10465