UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARCO BEMEJO, WILMER EUCLIDES BUENOLUJA,
BRAYAN IGNACIO MUNOZ, JOSE ALBERTO
AGUALSACA, SEGUNDO TACURI, GEOVANNY
PULAGUACHI, and SAUL DOTA CARCHI, individually
and on behalf of all others similarly situated,

Civil Docket No.: 22-cv-01427 (JPC)

**~~PROPOSED~~ DEFAULT JUDGMENT**

                      Plaintiffs,

    -against-

SHAKER CONTRACTORS, CORP., and SHAHBAZ
SHER, and SHAHID SHER, as individuals,

                     Defendants.
------------------------------------------------------------------------X

      This action was commenced by the filing of the Summons and Collective Action Complaint on February 22, 2022 (ECF Dkt. No. 1). The Summons and Complaint were served on Shaker Contractors, Corp., and Shahbaz Sher and Shahid Sher, as individuals ("Defendants"), as follows:

1. On March 5, 2022, service of process was effectuated upon corporate defendant, Shaker Contractors, Corp., by personal delivery of the Summons and Complaint to 245 Throggs Neck Blvd Fl2, Bronx, NY 10465, the defendant's actual place of business, and registered address, for accepting service of process per N.Y. Department of State records, by delivering to, and personally leaving the documents with Shahid Sher, owner of Shaker Contractors, Corp., who is authorized to accept service on behalf of the corporate defendant (Dkt. No. 6).

2. On March 5, 2022, personal service of process was effectuated upon individual defendant, Shahid Sher, by personal delivery of the Summons and Complaint to the

defendant at 245 Throggs Neck Blvd Fl2, Bronx, NY 10465, the defendant's last known residence and usual place of abode, and actual place of business (Dkt. No. 6-1).

3. According to Plaintiffs' process server's Affidavit of Service filed on the docket in this matter (Dkt. No. 6-1), at the time personal service of process was effectuated on individual defendant, Shahid Sher, Plaintiffs' process server averred to having made a reasonable inquiry, at the time and circumstances that service of process was effectuated upon the defendant, that Shahid Sher is not in active military service of the United States nor of the State of New York. Based on the process server's observations and conversations with the Defendant at the time service was effectuated, Shahid Sher was and is not in such military service; nor is the Defendant dependent upon anyone in such military service. (Id.)

4. Shahid Sher is not an infant nor an incompetent; Shahid Sher, as an individual, is a competent, adult owner of the defendant corporate entity sued herein. Id.

5. On March 5, 2022, service of process was effectuated upon individual defendant, Shahbaz Sher at 245 Throggs Neck Blvd Fl2, Bronx, NY 10465, the defendant's last known residence, usual place of abode, and actual place of business, by personally delivering and leaving the Summons and Complaint with Shahid Sher, co-tenant of Shahbaz Sher, a person of suitable age and discretion residing there (Dkt. No. 7).

6. According to Plaintiffs' process server's Affidavit of Service filed on the docket in this matter (Dkt. No. 7), at the time personal service of process was effectuated on individual defendant, Shahbaz Sher, Plaintiffs' process server averred to having made a reasonable inquiry, at the time and circumstances that service of process was effectuated upon the defendant, that Shahbaz Sher is not in active military service of the United States nor of

the State of New York. Based on the process server's observations and conversations with the Defendant at the time service was effectuated, Shahbaz Sher was and is not in such military service; nor is the Defendant dependent upon anyone in such military service. (Id.)

7. Moreover, on March 11, 2022, additional true and correct copies of the Summons and Complaint were served on individual defendant, Shahbaz Sher, by United States FirstClass mailing of the documents in a properly enclosed and sealed wrapper, addressed to the defendant, Shahbaz Sher, at the defendant's usual place of abode, and last-known residence. See Id.

8. Furthermore, on March 10, 2022, corporate defendant, Shaker Contractors, Corp. (DOS ID # 4874620) was duly served with additional true and correct copies of the Summons and Complaint by effectuation of service on the defendant via the Office of the Secretary of State, pursuant to N.Y. Business Corporation Law Section 306 (Dkt. No. 8).

9. Pursuant to the Affidavits of Service filed on the court's docket, Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals – each served on March 5, 2022 – were required to appear, retain counsel, respond, and/or interpose an answer to Plaintiffs' Complaint herein on or before March 28, 2022.

10. To date, Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, have each failed to appear, respond, retain counsel, or otherwise defend in this matter; and the Defendant have not made any requested for any extension of time to do so.

11. Accordingly, on April 12, 2022, The Court issued an Order directing, inter alia, that: "no later than May 2, 2022, Plaintiffs shall move for default judgment as to Defendants, in accordance with Local Civil Rule 55.2 and 3.D of the Court's Individual Rules and

Practices for Civil Cases, or show cause why this case should not be dismissed for failure to prosecute." See Dkt. No. 10. The Court further ordered that: "Within two business days of service, Plaintiff must file proof of such service on the docket." Id.

12. In compliance therewith, Plaintiffs' counsel served the Defendants, Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, with true and correct copies of The Court's April 12, 2022 Order, and filed proof of such service on the Defendants on this Court's docket. See Dkt. No. 11.

13. Notwithstanding such service, and as of the date of this filing, the Defendants have failed willfully to respond to the Summons & Complaint herein, answer, appear, retain counsel on this matter, or otherwise defend in this matter.

14. During the month of April 2022, Plaintiffs' counsel made additional attempt at contacting the Defendants, at their regular place of business, during regular business hours, to ascertain whether or not the Defendants intended on appearing, retaining counsel, or otherwise defending in this matter, to no avail. The Defendants have not responded to any of Plaintiffs' counsel's phone calls, voicemails, nor above-referenced mailings to the Defendants. To date, the Defendants have indicated no intention of responding or otherwise defending in this matter.

15. As such, on April 27, 2022, Plaintiffs filed their Request for Certificates of Default as against All Defendants; on that same day, April 27, 2022, the default of All Defendants, Shaker Contractors, Corp., and Shahbaz Sher and Shahid Sher, as individuals, were duly entered by the Clerk of Court for their failure to appear or otherwise defend this action, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Dkt. No. 16.

16. On that same day, April 27, 2022, Plaintiffs' counsel served All Defendants with true and correct copies of the Clerk's ENTRY OF DEFAULT entered on 04/27/2022 (together with another courtesy copy of Plaintiffs' Summons & Complaint), upon All Defendants to Defendants' actual place of business, and the last known residence and usual place of abode of Defendants (Dkt. No. 17).

17. On May 17, 2022, Plaintiffs moved for a default judgment in a sum certain against the Defendants.  See Dkt. Nos. 20-22. Plaintiffs served all Defendants with Plaintiffs' motion papers that same day.  See Dkt. No. 23.

18. At the parties' telephone Conference held on June 16, 2022, the Court entered default judgment on liability on all causes of action, and directed *inter alia*, that Plaintiffs shall submit supplemental briefing on calculations of damages for their wage frequency claim.

19. Lastly, on November 28, 2022, the Court issued an Order directing, *inter alia*, that: "[f]or the reasons stated on the record at the hearing on June 16, 2022, Plaintiffs are entitled to a default judgment on all counts of the Complaint. But for the reasons given in this Order, the damages Plaintiffs seek in their default judgment motion are not authorized by the FLSA and the NYLL. Consequently, by December 12, 2022, Plaintiffs are ordered to submit a revised damages calculation performed in accordance with this Order, and to submit a revised proposed default judgment based on that calculation. ~~Plaintiffs are further ordered to appear telephonically at a conference at 11:30 a.m. on December 21, 2022 to confirm the recomputed damages award.~~" See Dkt. No. 33.

20. On December 12, 2022, Plaintiffs submitted and served on Defendants: (1) Plaintiffs' revised damages calculation performed in accordance with this Order; and (2) Plaintiffs' revised proposed default judgment based on that calculation.

21. To date, the Defendants have not responded, appeared, or defended on this matter.

22. It is respectfully submitted that Defendants have been properly served, are aware of the Plaintiffs' Complaint, and of pendency of this matter against them, and have failed or refused to appear or otherwise defend in this matter. Defendants have not appeared, responded to Plaintiffs' allegations herein, sought counsel on this matter, nor otherwise defended this matter since the above-referenced Certificates were issued by the Clerk and served on Defendants, despite Defendants being aware of the Complaint against them.

23. Defendant, Shaker Contractors, Corp., has been properly served, and is aware of the Complaint in this matter, and of this pending litigation against it, and has failed to appear, defend in this matter, or retain counsel to defend on its behalf.

24. Defendant, Shahbaz Sher, as an individual, has been properly served, and is aware of the Complaint in this matter, and of this pending litigation against him, and has failed to appear, defend in this matter, or retain counsel to defend on his behalf.

25. Defendant, Shahid Sher, as an individual, has been properly served, and is aware of the Complaint in this matter, and of this pending litigation against him, and has failed to appear, defend in this matter, or retain counsel to defend on his behalf.

26. Accordingly, it is hereby:

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff Marco Bemejo has a judgment against Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, in the liquidated amount of $ 318,975.71 plus statutory post-judgment interest accruing pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until judgment is paid in full; and it is

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff Wilmer Euclides Buenoluja has a judgment against Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, in the liquidated amount of $88,734.29 plus statutory post-judgment interest accruing pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until judgment is paid in full; and it is

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff Brayan Ignacio Munoz has a judgment against Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, in the liquidated amount of $ 44,739.29 plus statutory post-judgment interest accruing pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until judgment is paid in full; and it is

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff Jose Alberto Agualsaca has a judgment against Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, in the liquidated amount of $ 69,861.39 plus statutory post-judgment interest accruing pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until judgment is paid in full; and it is

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff Segundo Tacuri has a judgment against Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, in the liquidated amount of $ 35,985.71 plus statutory post-judgment interest accruing pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until judgment is paid in full; and it is

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff Geovanny Pulaguachi has a judgment against Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, in the liquidated amount of $ 43,422.22 plus statutory post-judgment interest accruing pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until judgment is paid in full; and it is

**ORDERED, ADJUDGED AND DECREED**: That Plaintiff Saul Dota Carchi has a judgment against Shaker Contractors, Corp., and Shahbaz Sher, and Shahid Sher, as individuals, in the liquidated amount of $ 47,937.30 plus statutory post-judgment interest accruing pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until judgment is paid in full.

Dated:  New York , New York
        December 15, 2022

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCO BEMEJO, WILMER EUCLIDES BUENOLUJA, BRAYAN IGNACIO MUNOZ, JOSE ALBERTO AGUALSACA, SEGUNDO TACURI, GEOVANNY PULAGUACHI, and SAUL DOTA CARCHI, individually and on behalf of all others similarly situated,

                                      Plaintiffs,

          -against-

SHAKER CONTRACTORS, CORP., and SHAHBAZ SHER and SHAHID SHER, as individuals,

                                      Defendants.

## DEFAULT JUDGMENT

### Civil Docket No.: 22-cv-01427 (JPC)

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**WITH SERVICE TO:** *all defendants*

**SHAKER CONTRACTORS, CORP**

245 Throggs Neck Blvd, Bronx, NY 10465

**SHAHID SHER**

251 Throggs Neck Blvd, Bronx, NY 10465

**SHAHBAZ SHER**

245 Throggs Neck Blvd, Bronx, NY 10465

*See*, Certificate of Service filed herewith.